BERNARD T. TANSEY, RESPONDENT, v. CHARLES TEDESCO, APPELLANT.

Argued March 7, 1919—Decided June 20, 1919.

On appeal from the Supreme Court.

For the appellant, *Pomerehne & Laible*.

For the respondent, *Michael J. Tansey*.

PER CURIAM.

This case was tried in the Second District Court of Newark and resulted in a verdict and judgment for the plaintiff. On appeal to the Supreme Court the judgment was affirmed in the following *per curiam:*

"This case is on appeal from a judgment of the Second District Court of Newark, entered on a verdict of a jury rendered in favor of the plaintiff below against the defendant below, in an action brought by the plaintiff to recover damages sustained by him by reason of alleged negligence of the defendant.

"The appellant assigned the following reasons on which he relies for a reversal of the judgment:

"1. Refusal to nonsuit the plaintiff.

"2. Refusal to direct a verdict in favor of the defendant.

"3. No evidence of defendant's negligence.

"4. Plaintiff was guilty of contributory negligence.

"5. Because the court permitted the case to go to the jury.

"All these reasons can properly be considered under one head, whether or not the trial judge erred in refusing to direct a verdict for the defendant.

"The plaintiff was an intending passenger ready to board a jitney operated along a public street by the defendant's servant. The entrance to the jitney was in front where the driver sat to operate the car. The door was a folding one and swung inward, and at the time the plaintiff attempted to enter was open, according to his story. In describing how the accident happened the plaintiff says: 'I waited there, of course, until it got near and I hailed it. He saw me hail him and he came along and slowed up, as they always do—they seldom stop for one man, and of course I stepped on it—as the bus got to me, I got up and got hold of the two handles. I got my left foot on the step. My foot slipped off the step which there was ice on. * * * My foot slipped as I was raising my right foot up and I lost hold with my right hand, and I had hold with my left hand as I yelled in the door—as my head was in the door—to stop, as loud as I could.'

"The plaintiff further testified that the driver had his hand on the wheel, saw the condition in which the plaintiff was; in fact, was looking right at him and made no effort to stop his vehicle, but kept 'right on going,' and, as a consequence, the plaintiff fell and was run over and severely injured.

"The plaintiff, on cross-examination, testified that when he attempted to board the jitney it was going about eight miles an hour, but he unfolds his estimation of such speed by saying in the same connection that the jitney was going as fast as a man could walk.

"This was the posture of the case when the plaintiff rested. The credibility of the plaintiff's story was for the considera-

tion of the jury. On motion for a nonsuit, the question of the sufficiency of the evidence to establish negligence to warrant a submission of the cause to the jury is a court question.

"As the case stood it appeared that the defendant's servant refused to stop the jitney after he discovered the situation of danger in which the plaintiff was. The refusal to stop the car was negligence and also the proximate cause of the injury. Plaintiff's attempt, in the first instance, to enter the moving car, even if it be conceded that such act was negligent, had no causal connection with what occurred subsequent thereto, for, it is clear, that if the driver had stopped the car when requested, and when he saw the plaintiff's situation, the accident would not have happened.

"The refusal to nonsuit was not error. The motion to direct a verdict was based upon the weight of the evidence. This we do not consider. The only question on appeals of this character is whether there is any evidence to sustain the judgment. We think there is, and, therefore, the judgment of the District Court is affirmed, with costs."

There was one new error assigned in this court, and that is, that the trial court permitted an amendment after the close of the entire case, and it is argued that it was error for the court to submit the case to the jury upon a theory different from the facts alleged in the state of demand. At the close of the case a motion was made for the direction of a verdict for the defendant, which was denied. In the course of the colloquy between the court and counsel on this motion, the court said, addressing counsel for the plaintiff: "I suggest that you insert in paragraph 2 of your demand the word 'negligently' before the word 'refused,' to show that the liability occurred through the failure of the defendant's agent to stop the car on notice of plaintiff's danger." The amendment was actually made and appears in the state of demand as printed. There was no objection interposed by counsel of defendant to the making of this amendment, and the point that it was error to permit it was not made a ground of appeal in the Supreme Court, nor was it argued there. As it has been repeatedly decided that a court of review is not required to ·

consider points not made in a court of first instance or in an intermediate court of appeals, this question is not properly before us.

In the brief of appellant the first point made is, that the Supreme Court erred in its observation that the refusal to stop the car was negligent and also the proximate cause of the injury. This, in our view, was a careless remark of the Supreme Court, but is not error which should lead to a reversal of the judgment, as the question before us is whether or not the District Court properly permitted the case to go to the jury, which was substantially all that was involved in the appeal.

The judgment under review herein should be affirmed, for the reasons expressed in the opinion of the Supreme Court.

*For affirmance*—THE CHANCELLOR, CHIEF JUSTICE, SWAYZE, TRENCHARD, PARKER, MINTURN, HEPPENHEIMER, WILLIAMS, TAYLOR, GARDNER, JJ. 10.

*For reversal*—None.